IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>$8,000.00 IN U.S. CURRENCY,<br>**Defendant.** | CIVIL NO. 19- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief Civil Division, and Maritza González-Rivera, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

DEFENDANT IN REM

2. The defendant currency seized by an officer of the United States Postal Inspection Service ("USPIS"), consists of $8,000.00 in U.S. currency.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States

1

pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(j) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

4. This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant currency is found in this district).

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant currency is found in this district).

## BASIS FOR FORFEITURE

6. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1) (Unlawful acts), 843(b) (Communication facility), 846 (Attempt and conspiracy), and 881(a)(6) for all moneys, negotiable, instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange. Additionally this civil action is brought to enforce the provisions of Title 18, United States Code, Section 1956(a)(1(B)(i), for moneys representing proceeds of specified unlawful activities, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961(1), punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(l) and 846 knowing that the transactions.

## FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Title 28, <u>United States Code</u>, Section 1746 unsworn declaration of the USPIS, U.S. Postal Inspector, Arelis Rivera attached hereto, and incorporated herein as if fully stated.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 29th day of April, 2019.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

s/ Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbo
Assistant U.S. Attorney
Chief Civil Division
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787) 766-5656
Hector.E.Ramirez@usdoj.gov

s/ M Gonzalez
Maritza González-Rivera
Assistant United States Attorney
USDC # 208801
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Maritza González-Rivera, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, <u>United States Code</u>, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the USPIS; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 29th day of April, 2019.

s/ M Gonzalez
Maritza González-Rivera
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Arelis Rivera, U.S. Postal Inspector, USPIS declare as provided by Title 28, <u>United States Code</u>, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture <u>in Rem</u> and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 29 day of April, 2019.

Arelis Rivera, U.S. Postal Inspector
United States Postal Inspection Service (USPIS)

4

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**
**Title 28, United States Code, Section 1746**

I, Arelis Rivera, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

**PROFESSIONAL BACKGROUND**

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the San Juan Field Office, and have so been employed since August 2018. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection with the U.S. Postal Service ("USPS"), property of the USPS, and other postal offenses, as set forth in Title 18, United States Code, Section 3061. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection with the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled substances via the mail, in violation of Title 18 United States Code, Sections 922 (a)(1)(a) & (a)(3), and 1715, and 21 United States Code, Sections

19-USP-000042

841 (a)(1), 843(b), and 846. As a Postal Inspector, I have also worked on several investigations involving the use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of Title 18, United States Code, Sections 981, 982, 1956, and 1957, and Title 31, United States Code, Section 5325. Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in San Juan and elsewhere in the continental United States. While conducting investigations relative to the mailing of firearms, narcotics, and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in Section 881(a)(6) of Title 21, United States Code, particularly all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemicals, in violation of the subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation. The facts and information contained in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation. All observations that were not personally made by me were relayed to

19-USP-000042

me by other law enforcement officers as a result of my personal participation in the investigation of Manuel Burgos Ortiz, Carmen Ayala, and others; through information obtained from other law enforcement agencies, witnesses and reliable sources, I am familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

## PROPERTY TO BE FORFEITED
## $8,000.00 IN U.S. CURRENCY

### INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

1. The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds;

2. The drug traffickers know that both Priority Mail Express, and Priority Mail, are considered First Class Mail and are therefore protected against inspection without a Federal Search Warrant;

3. That drug traffickers discern that by using Priority Mail Express and Priority Mail with

19-USP-000042

Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days. Moreover, traffickers also know that any delay in a Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement;

4. That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Virginia frequently receives controlled substances sent via the U.S. Mail from Puerto Rico. Furthermore, Puerto Rico is a known destination for the returning proceeds or payments of such narcotics from Virginia.

5. That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label. Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service;

6. That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances, transferring the odor to the packaging materials;

7. That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical present in cocaine;

8. That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike

19-USP-000042

legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments;

9. Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

**FACTS**

10. On January 8, 2019, at the USPS San Juan General Post Office (GPO) located in San Juan, Puerto Rico, Express Mail parcel EE401150930US addressed to "Manuel Burgos, PO Box 10627, San Juan, PR 00922", with a return address of "Carmen Ayala, 1111 Franklin St., Winchester, VA 22601," was identified by Postal Inspectors as meeting the initial suspicious characteristics of a narcotics mailing.

11. The subject parcel was an USPS Priority Mail Express flat rate envelope, had a hand written label, and weighed approximately ten (10) pounds. The parcel had affixed to it U.S. Postage Meter strip number R2304M110165-03, with a postage amount of $24.70. The meter was mailed from Zip code 22601, Winchester Virginia, and dated January 7, 2019. A Priority Mail Express handwritten label was attached to the parcel. The "Signature Required" box was not checked on the Priority Mail Express label. This allowed the parcel to be delivered without the addressee or the addressee's agent having to sign for the parcel, contingent upon the parcel being left in a secure location at the address.

12. On January 8, 2019, at the U.S. Postal Inspection Service facility, located in Guaynabo, Puerto Rico, the parcel was placed for exterior examination by a narcotics detection canine

5

19-USP-000042

from the U.S. Customs and Border Protection. According to the officer who handled the canine, "Honzo" exhibited a change of behavior consistent with the presence of various odors of controlled substances.

13. On January 17, 2018, Federal Search Warrant 19-078 (M), dated January 14, 2019, was executed on Express Mail parcel EE401150930US. The parcel was opened and found inside was one (1) brown bubble mailer. Inside the brown bubble mailer was U.S. Currency in $20, and $100 denominations totaling $8,000.00. There were no notes or instructions in the parcel.

14. On January 30, 2019, Probable Cause Verification was approved by the U.S. Postal Inspection Service Headquarters. Notices were sent to all interested parties on February 22, 2019. On March 4, 2019, Internet advertisement information was posted in the forfeiture.gov website for 30 consecutive days.

15. On the same date the subject parcel was seized by postal inspectors, a second parcel was also seized with similar characteristics and tracking number. Priority Express Mail parcel EE401150926US was addressed to "Steven Garcia, PO Box 10536, San Juan, Puerto Rico 00922, with a return address of "Manuel Gonzalez, 1116 Woodstock Ln, Apt. 6 Winchester V.A, 22607". This parcel was opened on January 17, 2019, pursuant to a Federal Search Warrant 19-079 (M), issued on January 14, 2019. The parcel was found to contain $8,000.00 in U.S. Currency. Both parcels bared similar handwriting and methods of packaging.

16. The sender's name of the subject parcel EE401150930US, was searched in a law

6

19-USP-000042

enforcement database. The name of Carmen Ayala was not found associated with the return address of the parcel, 1111 Franklin St., Winchester, VA 227601. According to the U.S. Postal Service serving the address, Carmen Ayala is not a mail recipient at the address.

17. On March 29, 2019, a valid Claim from Manuel Burgos, PO Box 1523 Juan Sanchez, Bayamon, PR 00959, was received at the U.S Postal Inspection Service, Asset Forfeiture Unit for the property of $8,000.00 in U.S. currency. However, no claim was received for the second Priority Mail Express parcel, EE401150926US.

18. On his claim, Manuel Burgos stated "*I respectfully request the same since it is part of my savings for more than 1 year and that they were part to move to the United States looking for a better one for me and my family. I make this request with the best conviction in good faith and with all the sincerity on the world.*" Burgos included as a proof of legitimate employment and earnings an Earning Statement from WSP USA Services, Inc., Industrial Amelia, Calle Diana Lot 15, Guaynabo, PR 00965, (510) 722-7300, for pay period 9/14/2018 to 9/21/2018. The document indicated earnings of $1,716.75, deposited into bank account #7955 on 9/28/2018. The earning statement also indicated earnings year-to-date of $74,183.42.

19. On April 3, 2019, a letter from the Inspection Service requesting additional information and evidence of the legitimacy of the seized money was sent to Manuel Burgos, PO Box 1523 Juan Sanchez, Bayamon, PR 00959. The letter requested the following information no later than April 19, 2019:

   1) We have been unable to locate the sender of the package as per the Priority Mail

19-USP-000042

       Express label. Please provide the name, current address and a telephone number where he or she can be contacted.

2)     Please provide a statement from the sender of the money as this person may still be considered the owner.

3)     Explain your relationship with the sender of the money.

4)     You claim the seized property is product of your savings; however, you presented proof of employment and earnings in Puerto Rico; but the money was been received from the United States; please explain.

5)     You also explained the money purpose was to move to the United States; however the money was being received, not sent out.

6)     Please provide a copy of a bank statement where your electronic salary deposits from WSP were made.

7)     Provide date when you were hired as an employee of WSP and the date your contract ended.

8)     Please provide a copy of a bank statement from where the money was withdrawn and converted into cash.

20. As of April 22, 2019, the Postal Inspection Service has not received an answer to the letter from Burgos.

21. On April 3, 2019, WSP was searched in the Internet and a contact telephone number was obtained. WSP is an agency that works under a contract from FEMA to make inspections and assessments after a disaster. The Postal Inspection Service contacted WSP Accounting Services, 888-443-2580. Per conversation with a WSP employee, an office was established temporarily in Puerto Rico after Hurricane Maria to conduct assessments. However the office is now closed and no longer functional. Payroll payment to employees are always

19-USP-000042

made through electronic direct deposits into their account, never in cash. Additionally, Manuel Burgos was hired as a part-time, temporary employee and has not worked as regular employee because he has not complete the security clearances. Email address accounting.is@wsp.com was provided to submit a formal request for additional information concerning Mr. Burgos. On the same day an email was sent to WSP requesting a verification of employment and verification of the legitimacy of the earnings statement document which Mr. Burgos provided the U.S. Postal Inspection Service as proof of employment. The Postal Inspection Service request was forwarded to the WSP legal department.

22. On April 4, 2019, a response was received from WSP Employment Counsel with the following information:

   1) Verification of employment for Manuel David Burgos-Ortiz, SSN ending in 7820. **Manuel David Burgos Ortiz was hired as an Apprentice Inspector by WSP USA Services, Inc. on 11/18/2017, and is currently employed by WSP USA.**

   2) Please verify the attached Earning Statement and let us know if the same is a legitimate document from your agency. **The attached earning statement contains inaccurate information and was not provided by WSP USA Service, Inc.**

23. Moreover, information was found concerning suspicious transactions in Burgos bank account #7955 (same four digits shown in the earning statement). According to unofficial information received from Banco Popular, the account has never received electronic transactions or deposits from WSP.

9

19-USP-000042

Based on the facts (1) of the suspicious manner in which the defendant money was transferred, not wired, not sent by check, but rather sent uninsured, overnight by Priority Mail Express shipment which was paid for in cash; (2) of the amount of cash involved, $8,000.00; (3) on the same date the subject parcel was seized, a second Priority Mail Express parcel was seized by postal inspectors originating from the same Zip code, containing the same amount with similar packaging method, and baring similar hand writing on the labels; (4) a fraudulent document was provided to the Postal Inspection Service by Burgos as proof of employment; (5) the sender of the parcel could not be located; (6) no statements from Carmen Ayala was provided by the claimant; (7) and the dog sniff - a trained narcotics canine, who alerted positive to the package; the undersigned believes that the $8,000.00 in U.S. Currency seized from Manuel Burgos, constitutes proceeds derived from the illegal sale of narcotics in violation of Title 21, <u>United States Code</u>, Sections 841 (a)(1), 843(b), and 846.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to Title 28, <u>United States Code</u>, Section 1746.

In San Juan, Puerto Rico, this 29 day of April, 2019.

_____
Arelis Rivera, US Postal Inspector
United States Postal Inspection Service ("USPIS")
San Juan, Puerto Rico

≋JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
$8,000.00 IN U.S. CURRENCY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Maritza González-Rivera, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE   April 29, 2019

SIGNATURE OF ATTORNEY OF RECORD
Maritza González-Rivera

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

 **United States District Court** *for the* **District of Puerto Rico**

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. $8,000.00 IN U.S. CURRENCY,

2. Category in which case belongs. (See Local Rules)

   [X] CIVIL FORFEITURE
   ___ ORDINARY CIVIL CASE
   ___ SOCIAL SECURITY
   ___ BANK CASE
   ___ INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   ☐ YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: 208801

ATTORNEY'S NAME: MARITZA GONZALEZ-RIVERA

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR     ZIP CODE 00918

TELEPHONE NO.: 787-766-5656